UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**DAVID G. FOX,**

    **Plaintiff,**

    v.

    Civil Action 2:12-cv-476
    Judge Edmund A Sargus, Jr.
    Magistrate Judge Elizabeth P. Deavers

**WARDEN ROSS**
**CORRECTIONAL INSTITUTION, et al.,**

    **Defendant.**


## REPORT AND RECOMMENDATION

On February 14, 2012, David G. Fox, a state-prison inmate proceeding without the assistance of counsel, filed a petition, styled as a 28 U.S.C. § 2241 petition, seeking an order relocating him so that can he obtain medical treatment or alternatively, for an order releasing him so that he may seek treatment. (ECF No. 1.) Because Fox had not paid the $5.00 filing fee for a habeas corpus petition or filed an application for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court ordered him to pay the filing fee or to complete an application to proceed *in forma pauperis* within twenty-one days. (ECF No. 3.) Fox was cautioned that if he elected to proceed, the undersigned would recommend dismissal under Rule Four of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules). Fox subsequently paid the filing fee and moved for an extension of time to file a petition. (ECF No. 4.) Because Fox had previously filed a petition, the Court interpreted his motion as a request for time to amend his Petition and granted him until July 23, 2012, to amend his Petition. (ECF No.

5.) On July 9, 2012, Fox filed a "Memorandum of Petitioner" asking the Court to allow him to proceed on his earlier-filed Petition. (ECF No. 6.) The Court is required to conduct a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which provides that district courts "must promptly examine" state prisoner habeas petitions and must dismiss the petition "[i]f it plainly appears . . . that the petitioner is not entitled to relief." For the reasons that follow, it is **RECOMMENDED** that the Court dismiss Plaintiff's Petition under Rule Four.

Initially, this Court construes this action as arising under 28 U.S.C. § 2254 as well as § 2241. Section 2241 is the general habeas statute that authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Claims attacking the execution of the sentence are cognizable under § 2241. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). Section 2254, however, is the proper vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody. *Greene v. Tennessee Dept. of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001); *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002) ("[R]egardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254."). Fox's petition is based upon his alleged terminal illness, an event occurring after sentencing. Thus, although the Court construes his petition as one under § 2254, the Court applies the law governing § 2241 actions. *See Cohen*, 593 F.2d at 770 (noting "the clearly prevailing rule that judicial review of events occurring after sentence is properly had under § 2241"); *Engle v. United States*, 26 F. App'x 394, 396 (6th Cir. 2001) (applying the law governing § 2241 where petitioner's appeal was based solely on the return of his cancer).

The undersigned concludes that neither § 2241 nor § 2254 vest this Court with habeas corpus jurisdiction to order a compassionate release. It appears that Fox seeks a court-ordered compassionate release under Ohio Revised Code § 2967.05, which provides in pertinent part that "[u]pon the recommendation of director of rehabilitation and correction, accompanied by a certificate of the attending physician that an inmate is terminally ill, medically incapacitated, or in imminent danger of death, *the governor may* order the inmate's release as if on parole, reserving the right to return the inmate to the institution pursuant to this section." Ohio Rev. Code § 2967.05(B) (emphasis added). The language of this statute clearly vests only Ohio's governor—not this Court—with discretion to order an inmate's release. Similarly, the federal statute permitting compassionate releases, 18 U.S.C. § 3582(c)(1)(A)(i), does not authorize district courts to *sua sponte* grant compassionate releases, but instead vests only the Director of the Bureau of Prisons with discretion to file a motion in federal court to seek a compassionate release. *See Engle*, 26 F. App'x at 397 ("[D]istrict court[s] lack[] jurisdiction to *sua sponte* grant compassionate release. A district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons.") Thus, to the extent Fox seeks the Court to order his release pursuant to Ohio Revised Code § 2967.05, the undersigned **RECOMMENDS** dismissal of his petition under Rule 4 of the Rules Governing Section 2254 Cases for failure to seek relief cognizable on habeas review.

The undersigned further concludes that neither § 2241 nor § 2254 empower this Court with habeas corpus jurisdiction to review any denial of a compassionate release request under Ohio Revised Code § 2967.05. Generally, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Imates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). A state statute

3

or regulation may create a liberty interest under state law, but only where the statute or regulation contains "'explicitly mandatory language,' *i.e.*, specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow . . . ." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 463 (1989) (quoting *Hewitt v. Helms*, 459 U.S. 460, 471–72 (1983)). The Ohio statute authorizing compassionate releases, § 2967.05, is permissive, not mandatory, and does not compel a particular outcome. *See* Ohio Rev. Code § 2967.05 ("[T]he governor *may* order the inmate's release as if on parole . . . ." (emphasis added)). It contains no explicit mandatory language or substantive predicates that, if followed, require the director of rehabilitation and correction to recommend release or mandate the governor to grant release. Section 2967.05, therefore, confers no federally protected liberty interest in a compassionate release, and denial of a compassionate release request is judicially unreviewable. *Cf. Crowe v. United States*, 430 F. App'x 484, 484–85 (6th Cir. 2011) (holding that "a federal court lacks authority to review a decision by the [Director of the Bureau of Prisons] to not seek a compassionate release for an inmate" given the "broad grant of discretion" § 3582(c)(1)(A)(i) confers upon the Director); *Gonzales v. Marshall*, No. CV 08-5102-FMC(E), 2008 WL 5115882, at *5–6 (C.D. Cal., Dec. 4, 2008) (denying and dismissing petitioner's action seeking compassionate release where the state statute contained no explicit mandatory language that could give rise to a liberty interest in a prisoner seeking such release). Accordingly, to the extent Fox seeks to assert a due process claim purporting to arise under § 2967.05, the undersigned likewise **RECOMMENDS** dismissal of his petition under Rule 4 for lack of subject matter jurisdiction.

Finally, the undersigned notes that to the extent Fox is not challenging the legal basis of his confinement, but instead intends to challenge the conditions of his confinement, he must file

4

a civil rights complaint under 42 U.S.C. § 1983.[1] *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (holding that habeas corpus jurisdiction does not extend to claims concerning the conditions of confinement); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (concluding that "the district court should have dismissed the petition without prejudice to allow [the petitioner] to raise his potential civil rights claims properly as a § 1983 action" where petitioner moved under § 2241 for a transfer to a different prison facility for the purpose of medical treatment).

In sum, because it appears that Fox is not entitled to relief, it is **RECOMMENDED** that the Court dismiss his Petition under Rule 4 of the Rules Governing Section 2254 Cases. Additionally, the Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy.

---

[1] Although Fox seeks a "relocation of [his] body" as an alternative form of relief, he provides no other indication that he intends to assert a § 1983 claim. (Petition 3, ECF No. 2.) Indeed, he argues that habeas relief is necessary because "[c]ivil remedy would be length[y] and devour [his] life span . . . ." (*Id.*) Moreover, Fox has recently filed a civil rights action under § 1983 based on the medical condition that is the subject of the instant petition, alleging that he has been denied medical care in contravention of his rights under the Eighth Amendment. *See* S.D. Ohio Civil Action 2:12-CV-324.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: September 6, 2012  /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge